**M. FABRIKANT & SONS, LTD., Plaintiff,**

v.

**FABRIKANT FINE DIAMONDS, INC., Defendant.**

**No. 98 CIV. 3550 (RWS).**

United States District Court, S.D. New York.

Aug. 19, 1998.

**250**

Levisohn, Lerner, Berger & Langsam, New York, NY, for Plaintiff; Marilyn Neiman, Peter L. Berger, of counsel.

· Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, New York, NY, for Defendant; Lowell D. Kern, Lile H. Deinard, of counsel.

## OPINION

SWEET, District Judge.

M. Fabrikant & Sons, Ltd. ("Fabrikant & Sons"), has moved for a preliminary injunction, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to prohibit the defendant, Fabrikant Fine Diamonds, Inc. ("Fabrikant Fine Diamonds"), from using the word "Fabrikant" in advertising unless a first name immediately precedes the last name "Fabrikant"—on the same line, and in the same size, color, type style, and conspicuousness. For the reasons set forth below, Fabrikant & Sons' motion is granted, and the preliminary injunction is issued.

### The Parties

Fabrikant & Sons is a New York State corporation with its principal place of business in New York, New York.

Fabrikant Fine Diamonds is a New York State corporation with its principal place of business in New York, New York.

### Prior Proceedings

Fabrikant & Sons filed the complaint in this matter on May 18, 1998, alleging several claims including violations of Lanham Act sections 32(a), 43(a), and 43(c), 15 U.S.C. §§ 1114, 1125(a), 1125(c), as well as various state claims including unfair competition.

Fabrikant & Sons filed the instant motion on June 3, 1998. Oral argument was heard on June 25, 1998, at which time the motion was deemed fully submitted.

### Facts

Fabrikant & Sons is the owner of United States Trademark Registration No. 1,447,377 for the trademark "Fabrikant," which was issued by the United States Patent and Trademark Office (the "Trademark Office") on July 14, 1987. On March 24, 1993, Fabrikant & Sons filed a declaration with the Trademark Office attesting to its continued use of the trademark, and the mark has been accorded incontestible status.

Fabrikant & Sons, started in 1895 by Max Fabrikant, is a privately owned company engaged in the jewelry business and has promoted and marketed jewelry for personal wear under the FABRIKANT mark nationwide. Fabrikant & Sons states that it is the largest manufacturer of jewelry and the largest seller of jewelry to retail jewelry stores in the United States with annual sales of almost one billion dollars. Fabrikant & Sons sells jewelry to all of the major jewelry retail stores in the United States, including Sears, J.C. Penny, and Fortunoff. Most of this jewelry bears a trademark identifying the jewelry as manufactured by Fabrikant & Sons. Fabrikant & Sons also sells jewelry to private individuals, although it does not advertise this business so as to not compete with its retail customers. Revenue from private sales is currently between $2 million and $3 million per year. Finally, Fabrikant & Sons sells precious stones, settings and completed jewelry to other members of the trade, such as other manufacturers.

Fabrikant Fine Diamonds is in the estate jewelry business, buying estate and heirloom jewelry from the general public. Fabrikant Fine Diamonds sells the jewelry to a group of about 15 jewelers, most of whom are sole proprietorships that operate out of the various jewelry exchanges on 47th Street. For the year ending 1997, Fabrikant Fine Diamonds had revenue of about $9 million.

Fabrikant Fine Diamonds submitted the affidavit of Peter Fabrikant, the vice president and treasurer of Fabrikant Fine Diamonds, Inc. Peter Fabrikant states that he has been in the jewelry industry for over thirty years, and originally worked for his father, Benjamin Fabrikant, in Fabrikant Brothers. Benjamin Fabrikant started Fa-

brikant Brothers in 1935 or 1936 with his brother Herman, and with the encouragement of his cousin, Max Fabrikant. In the early 1940's William Fabrikant joined his brothers in the Fabrikant Brothers business.

Fabrikant Brothers was in the business of buying estate and heirloom jewelry. Fabrikant Brothers had a large advertisement on the Manhattan Bridge in the 1940's proclaiming "Fabrikant Brothers—The House of Diamonds," and advertised at Yankee Stadium during the 1940's, as well as in magazines and on the radio.

Fabrikant Brothers filed for bankruptcy protection in 1965, and Peter, along with his brothers, Sherwin and Robert, bought all of the assets of the company, including its name. The new owners continued to operate as Fabrikant Brothers until Robert left the business in 1972, at which point the company name was changed to P & S Fabrikant (Fabrikant Brothers). When Sherwin died in 1977, Peter continued to operate the business under his own name.

In 1992, Andrew Fabrikant, William Fabrikant's son, joined Peter and formed Fabrikant Fine Diamonds.

Fabrikant & Sons complains about an advertising campaign recently begun by Fabrikant Fine Diamonds. In the advertisements, Fabrikant Fine Diamonds emphasizes the Fabrikant name, and diminishes the impact of the first names of the companies' principals by various techniques, including placing the names on a different line and in smaller typeface.

As a result of the Fabrikant Fine Diamonds advertising, Fabrikant & Sons has received several phone calls from customers inquiring about the advertising. Fabrikant & Sons submitted the affidavit of Susan Boshwit ("Boshwit"), the vice president of communications and sales executive of Fabrikant & Sons. According to Boshwit's affidavit, Fabrikant & Sons received a call from Zales inquiring whether the advertisement was theirs. Fabrikant & Sons also received a call from a private customer inquiring why Fabrikant & Sons was advertising in newspapers. Boshwit also alleges that "numerous employees of banks" have commented to her regarding the advertisements, and that she has had to explain to them that the advertisements were published by Fabrikant Fine Diamonds, not Fabrikant & Sons.

Fabrikant & Sons also submitted the affidavit of a private customer, Stanley P. Berkman ("Berkman"). Berkman testified that he saw what he believed to be Fabrikant & Sons' advertisements in the New York Times, and called Boshwit to complain that he did not think Fabrikant & Sons should be running the advertisements. Boshwit informed him that the advertisements were in fact published by Fabrikant Fine Diamonds.

### Discussion

To obtain a preliminary injunction, Fabrikant & Sons must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). Fabrikant Fine Diamonds contends that Fabrikant & Sons is not likely to succeed on the merits of its case because it cannot demonstrate that Fabrikant Fine Diamonds' use of the Fabrikant family name for its jewelry buying service will cause a likelihood of confusion with Fabrikant & Sons' manufacturing business.

The crucial issue is "whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 47 (2d Cir.1978). Likelihood of confusion is established by reference to the nonexclusive list of eight factors delineated by the Second Circuit in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961), which are (1) the degree of similarity between the two marks; (2) the strength of the plaintiff's mark; (3) the proximity of the products or services; (4) existence of actual confusion; (5) the likelihood that the plaintiff will "bridge the gap" between the two markets; (6) defendant's good faith in adopting its mark; (7) the quality of the

defendant's product; and (8) the sophistication of the purchasers.

### 1. *The Degree of Similarity Between the Marks*

Fabrikant Fine Diamonds concedes that the marks in question are, for all intents and purposes, identical. Each party is using the name FABRIKANT, either alone or in conjunction with other words and phrases.

### 2. *Strength of the Plaintiff's Mark*

As the Second Circuit stated in *McGregor–Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126 (2d Cir.1979), "[t]he term 'strength' as applied to trademarks refers to the distinctiveness of the mark, or more precisely, its tendency to identify the goods sold under the mark as emanating from a particular, although possibly anonymous, source." *Id.* 599 F.2d at 1131. Moreover, "[t]he strength or distinctiveness of a mark determines both the ease with which it may be established as a valid trademark and the degree of protection it will be accorded." *Id.*

Here, the mark FABRIKANT is the family name of the Fabrikant Fine Diamonds' proprietors. In general, courts have been reluctant to enjoin the use of a personal name. *See Taylor Wine Co., Inc. v. Bully Hill Vineyards, Inc.*, 569 F.2d 731, 735 (2d Cir.1978) ("[T]o prohibit an individual from using his true family surname is to 'take away his identity: without it he cannot make known who he is to those who with to deal with him; and that is so grievous an injury that courts will avoid imposing it, if they possibly can.'" quoting *Societe Vinicole De Champagne v. Mumm*, 143 F.2d 240, 241 (2d Cir.1944)); *accord Gucci v. Gucci Shops, Inc.*, 688 F.Supp. 916, 927 (S.D.N.Y.1988) (preventing an individual from using his surname is an especially grievous injury "where the second comer has spent his entire mature life working in the relevant business and, as a result, possesses extraordinary experience, skill and a desire to work in his field").

Nevertheless, where a senior user establishes a strong secondary meaning, it is entitled to broad protection. *See Scarves by Vera, Inc. v. Todo Imports Ltd. (Inc.)*, 544 F.2d 1167, 1173 (2d Cir.1976) ("[W]hen the mark in question is the name of the junior user, his right to use the name on his products may be limited, and he may be compelled to add some distinguishing words to reduce the possibility of confusion."); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir.1992) ("While personal names used as trademarks are not inherently distinctive, they are treated as strong marks upon a showing of secondary meaning.").

Fabrikant & Sons seeks to support its contention that its Fabrikant trademark is strong by, among other things, citing its nearly one billion dollars in annual revenues, its business relationships among the leading retail stores nationwide, its large cooperative advertising budget, and the presence of a trademark on most pieces of jewelry sold to retailers. While these facts may not directly establish that the FABRIKANT mark is strong, the inference Fabrikant & Sons seeks to draw is not contradicted on the present record by Fabrikant Fine Diamonds.

Fabrikant Fine Diamonds contends that, although Fabrikant & Sons has used its mark for 100 years, the mark is not strong because their use of it has not been exclusive. Fabrikant Fine Diamonds contends that, through its predecessors in interest, it has used the FABRIKANT mark since the 1930's. Other members of the Fabrikant family also use the family name in the jewelry business. Peter Fabrikant's brother, Robert Fabrikant, also operates a jewelry business using the Fabrikant name, as does Peter's nephew, Bruce Fabrikant. Fabrikant Fine Diamonds contends that all of these Fabrikant businesses co-exist in the marketplace without confusion.

Fabrikant & Sons, however, contends that for the last twenty years, while other members of the Fabrikant family have used their family name in the jewelry business, it has been in conjunction with a personal name, such as Peter Fabrikant, rather than as a separate mark—FABRIKANT. Fabrikant Fine Diamonds has provided no evidence to refute this contention. Accordingly, although different members of the Fabrikant family may have continuously used the name since the 1930's, they are not using the mark

that Fabrikant & Sons seeks to protect here, which is FABRIKANT unassociated with a personal name. Accordingly, this factor weighs in favor of Fabrikant & Sons.

### 3. The Proximity of the Products or Services

The third factor in the *Polaroid* test looks to the similarity of the goods and services of the parties to help determine whether a likelihood of confusion exists. Fabrikant Fine Diamonds contends that the parties are in different markets, and therefore there is no infringement. They contend that Fabrikant & Sons' primary business is the mass-production of "low-end" jewelry for sale in department stores. Conversely, they contend, Fabrikant Fine Diamonds provides a service—buying estate and heirloom jewelry from the public and selling this jewelry to wholesalers for resale.

Fabrikant & Sons cites *Gallo Winery,* wherein the court enjoined defendant from selling cheese at retail under the Gallo name due to a likelihood of confusion with plaintiff's wine. The court based its holding on the complementary nature of wine and cheese and the likelihood that the consuming public may incorrectly assume that the products emanated from the same source.

Although Fabrikant Fine Diamonds contends that the products here are not complementary, they ignore the private sales market. The overlap is not perfect, and further development of the factual record may bar a permanent injunction. However, upon the record presented here, Fabrikant & Sons has established sufficient overlap in the markets to cause a likelihood of confusion and, as discussed below, has provided specific examples of actual confusion. First, as Fabrikant & Sons contends, their private sales customers may overlap with the market from which Fabrikant Fine Diamonds purchases the estate and heirloom jewelry. Second, apparently the private sales customers, as well as the retail customers, are actually willing to believe upon seeing the advertisement that Fabrikant & Sons is in the business of buying jewelry.

As in *McGregor–Doniger*, Fabrikant & Sons does not claim that the products are directly competitive, but rather that:

> [T]he degree in proximity between the two products is relevant here primarily insofar as it bears on the likelihood that customers may be confused as to the source of the products, rather than as to the products themselves, and the consent is not direct diversion of purchasers but indirect harm through loss o goodwill or tarnishment of reputation.

*See McGregor–Doniger,* 599 F.2d at 1134. Although the present factual basis for this assertion is thin, it is not contradicted by Fabrikant Fine Diamonds. Accordingly, this factor weights in favor of granting the preliminary injunction.[1]

### 4. Actual Confusion

Fabrikant Fine Diamonds contends that the actual confusion cited in the Boshwit affidavit actually proves the absence of such confusion.[2] They contend that the inquiry of "is that your advertisement?" is an indication that the customers could clearly distinguish between the parties.

Fabrikant Fine Diamonds cites *Programmed Tax Sys., Inc. v. Raytheon Co.,* 439 F.Supp. 1128, 1131 (S.D.N.Y.1977). In that case, however, court concluded that the caller appeared to have correctly identified the advertisement as the defendant Raytheon's, not as the plaintiff's. Here, on the other hand, the callers incorrectly identified Fabrikant & Sons as the source of the advertisement.

Moreover, Fabrikant Fine Diamonds ignores Berkman's affidavit. Berkman did not call to inquire whether the advertisement was Fabrikant & Son's, but assumed that it

---

**1.** Fabrikant Fine Diamonds cites *Charles F. Ryan & Son, Inc. v. Lancaster Homes, Inc.,* 22 A.D.2d 186, 254 N.Y.S.2d 473 (4th Dep't 1964), *aff'd,* 15 N.Y.2d 812, 205 N.E.2d 859, 257 N.Y.S.2d 934 (1965). This case, however, is not controlling on the federal Lanham Act claims at issue here.

**2.** Although Fabrikant Fine Diamonds contends in its opposition brief that the Boshwit affidavit is based on inadmissible hearsay, at the preliminary injunction hearing all parties agreed to admit the evidence for purposes of the instant motion. Accordingly, the Court need not address this issue.

was. While it may be unlikely that a sophisticated retail buyer would be attracted to sell their estate jewelry to Fabrikant Fine Diamonds as a result of a confusing use of the FABRIKANT mark, it is possible that a private customer such as Berkman would be so confused. Aware of Fabrikant & Sons' mark and reputation, a private sales customer might be sufficiently misled by the appearance of the advertisement that they sell their estate jewelry to Fabrikant Fine Diamonds.

The evidence of actual confusion is not refuted, and this factor weighs heavily in favor of granting the preliminary injunction.

### 5. The Likelihood that the Plaintiff will "Bridge the Gap"

Fabrikant Fine Diamonds contends that Fabrikant & Sons has concentrated its business on the manufacture and sale of new jewelry, and that Fabrikant & Sons' one foray into the estate jewelry business was abandoned. They further contend that Fabrikant Fine Diamonds has no intention of moving into Fabrikant & Sons' market. Therefore, they contend, there is no significant likelihood that either party will "bridge the gap" between the two markets.

Fabrikant & Sons does not contend that it intends to enter the estate jewelry business, and therefore this factor does not apply here.

### 6. Defendant's Good Faith in Adopting its Mark

Fabrikant Fine Diamonds contends that, unlike the facts in Taylor Wine, where an individual enters into "a particular line of trade for no apparent reason other than to use a conveniently confusing surname to his advantage," Taylor Wine, 569 F.2d at 735, they have been using the Fabrikant name for over sixty years. They further contend that there is no reason why they would want to trade on Fabrikant & Sons' name, since Fabrikant & Sons sells its jewelry to buyers at department stores. Fabrikant & Sons' reputation in their market, Fabrikant Fine Diamonds contends, provides no benefit to them.

Fabrikant & Sons, on the other hand, asserts that Fabrikant Fine Diamonds intends to profit from the good will associated with Fabrikant & Sons' trademark. They contend that bad faith is demonstrated by the change in advertising strategy from using the Fabrikant name as a personal name, to using it as a stand-alone mark. They further contend that Andrew Fabrikant, the current president of Fabrikant Fine Diamonds, worked previously for Fabrikant & Sons, and thereby is aware of the value of the mark.

Fabrikant & Sons, however, has adduced no evidence regarding Fabrikant Fine Diamonds' motive for changing its advertising strategy, and instead relies on speculation. There is no deposition, for example, of Peter or Andrew Fabrikant or anyone else involved with the new strategy. Accordingly, this factor is neutral in assessing the likelihood of confusion.

### 7. The Quality of the Defendant's Product

Fabrikant & Sons does not contend that the quality of Fabrikant Fine Diamonds' product or service is relevant here, and so this factor is not considered.

### 8. The Sophistication of the Consumers

Finally, Fabrikant Fine Diamonds contends that Fabrikant & Sons' customers are sophisticated, and therefore there is no likelihood of confusion. Fabrikant Fine Diamonds cites Gallo Winery, where the court "carefully tailored [the injunction] to balance the interest in using one's name against the interest in avoiding public confusion." Gallo Winery, 967 F.2d at 1288. The court limited the scope of the injunction and allowed the use of the Gallo mark for the wholesale marketing of cheese because the wholesale buyers were less likely to be confused. Here, Fabrikant Fine Diamonds contends, Fabrikant & Sons' customers are primarily buyers for major department stores. Accordingly, they are not likely to be confused. Similarly, they assert, Fabrikant Fine Diamonds' customers are individuals looking to sell heirloom jewelry, are not likely to come into contact with Fabrikant & Sons.

However, as noted previously, Fabrikant & Sons has introduced uncontroverted evidence of actual confusion both by a sophisticated

customer, Zales, and a private sales customer, Berkman. Moreover, in *Gallo Winery* the court permitted sales to sophisticated customers, whereas here Fabrikant Fine Diamonds seeks to continue to use the FABRIKANT mark to advertise to comparatively unsophisticated sellers of estate jewelry. Accordingly, on the present record, this factor weighs in favor of granting the preliminary injunction.

As the Second Circuit observed in Taylor Wine:

> The conflict between a first comer who has given a secondary meaning (as well as trademark registration) to a family name, and a later comer who wishes to use his own true family name as a trademark in the same industry has been one of the more interesting issues in the law of trademark infringement. The problem is made more difficult when the second comer has his own background of experience in the particular industry, and is not simply a newcomer.

*Taylor Wine*, 569 F.2d at 734 (citing *John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmacists*, 131 F.2d 703 (6th Cir.1942)). Here, in sum, the factors weighing in favor of issuing the preliminary injunction include the similarity of the marks, the strength of the FABRIKANT mark, the similarity in the products or services, and evidence of actual confusion. Accordingly, a preliminary injunction is proper.

The injunction's scope requested by Fabrikant & Sons is appropriate. Here, as in Taylor Wine, "[o]nce an individual's name has acquired a secondary meaning in the marketplace, a later competitor who seeks to use the same or similar name must take 'reasonable precautions to prevent the mistake.'" *Id.* (quoting *L.E. Waterman Co. v. Modern Pen Co.*, 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142 (1914)). The relief requested here does not bar the defendants from using their family name in the context of a personal name. Accordingly, since Fabrikant & Sons has established a likelihood of confusion, they are entitled to enjoin Fabrikant Fine Diamonds from using the word "Fabrikant" in advertising unless a first name immediately precedes the last name "Fabrikant"—on the same line, and in the same size, color, type style, and conspicuousness.

**Conclusion**

For the reasons set forth above, Fabrikant & Sons' motion is granted, and the preliminary injunction is issued.

It is so ordered.